# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
RICHARD WITTREN

### DEFENDANTS
PETE GEREN, SECRETARY, DEPARTMENT OF THE ARMY

(b) County of Residence of First Listed Plaintiff  SONOMA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Beverly Saxon Leonard, The Saxon Leonard Law Firm
1001 Second St., Ste. 345
Napa, CA 94559
707.257.5378

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 330 Federal Employers' Liability | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 340 Marine | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | | | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [X] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / Habeas Corpus: | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights / [ ] 550 Civil Rights / [ ] 555 Prison Condition | [ ] 463 Habeas Corpus — Alien Detainee | | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Rehabilitation Act of 1973, sections 501, 504, 505 and Title VII of Civil Rights Act of 1964
Brief description of cause:
Plaintiff is a disabled male over 40 whom alleges employment discrimination/harassment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ Proven at trial
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE 4/28/08
SIGNATURE OF ATTORNEY OF RECORD

BY FAX

Beverly Saxon Leonard, 153105
THE SAXON LEONARD LAW FIRM
1001 Second Street, Suite 345
Napa, California 94559
Tel (707) 257-5378
Fax (707) 257-5399
BSLeonard@aol.com

Attorney for Plaintiff
RICHARD WITTREN

E-filing

FILED
08 APR 29 PM 3:51
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE DISTRICT COURT OF THE UNITED STATES

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

RICHARD WITTREN,

   Plaintiff,

v.

PETE GEREN, SECRETARY,
DEPARTMENT OF THE ARMY,

   Defendant.

Case No.:

COMPLAINT FOR DAMAGES

JURY TRIAL DEMANDED

BY FAX

   Comes now Plaintiff, Richard Wittren, by way of complaint against defendant herein and alleges as follows:

   1.   Plaintiff Richard Wittren is, and at all times relevant to this complaint, has been been a resident of Sonoma County, State of California.

   2.   Defendant is located in Geyserville, Sonoma County, California, which is also where the injury complained of took place.

   3.   This action is brought pursuant to Sections 501, 504 and 505 of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred on this court by 28 U.S.C. Sections 1331 and 1343.

-1-

COMPLAINT FOR DAMAGES
WITTREN V. GEREN, ET AL., U.S. DISTRICT COURT CASE NO.

4. Plaintiff is a male over the age of 40 with physical and mental disabilities and alleges that the conduct which underlies his claim of discrimination is based on his disability. Plaintiff is disabled in that his conditions are physical and mental impairments that substantially limit one or more of Plaintiff's major life activities and Plaintiff has a record of physical and mental impairments that substantially limits one or more of Plaintiff's major life activities.

5. Plaintiff began working for defendant in December 2000 and was employed as a "STEP" Maintenance Laborer for the U.S. Army Corps of Engineers at their Lake Sonoma location. His disabilities at the time of his hire and throughout his employment with defendant consisted of, among other things, a speech impediment, a limp, a wandering eye, paralysis in his left hand and he was a slow learner.

6. Shortly after Plaintiff commenced employment with Defendant, his co-workers learned through his supervisor, Dave Serafini, that he was a recipient of Social Security disability income. A fellow employee, Keith Richardson, began to taunt Plaintiff about this, frequently calling him "Soche Boy." Although this was done in the presence of Plaintiff's supervisors, there was no attempt to curtail Richardson's use of the derisive nickname. On several occasions, Plaintiff asked Serafini, to instruct Richardson to stop using the offensive language without success. Richardson also physically harassed Plaintiff by grabbing Plaintiff's ear and twisting it so painfully that Plaintiff was often forced to his knees. This also was done in the presence of Serafini and other employees of Defendant without consequence.

7. In April 2003, an EEO representative came to speak to Defendant's employees at Plaintiff's place of work. Following the presentation, Plaintiff spoke in private to the representative regarding Mr. Richardson's language and conduct. A few days later, Plaintiff's supervisor, Serafini, scolded Plaintiff for having the temerity to report Richardson's conduct to the EEO representative. Thereafter, Plaintiff's work assignments increasingly became menial and he was only given assignments that other employees felt was beneath them. While others in Plaintiff's position were being trained in mechanical and semi-skilled positions, Plaintiff was relegated to watering trees and

-2-

COMPLAINT FOR DAMAGES
WITTREN V. GEREN, ET AL., U.S. DISTRICT COURT CASE NO.

1  pulling weeds. Serafini also assigned Plaintiff solely to the task of cleaning the shop at the end of
2  the day, a job which had previously been assigned to each of the co-workers. Serafini also actively
3  excluded Plaintiff from certain training opportunities which would have assisted Plaintiff in
4  qualifying for additional positions with Defendant. For instance, on one occasion, Serafini was
5  assigning other maintenance workers to be trained on tractor driving. When Plaintiff asked if he
6  could be included in the training, Serafini replied, "you will be in charge of putting air in the tires,"
7  in front of the other employees. Plaintiff did not receive this training. In addition, Plaintiff was
8  referred to as "Snitch Boy" by Richardson and other employees after he informed the EEO
9  representative about his treatment at the workplace.
10     8.     Prior to Serafini's appointment as his supervisor, Plaintiff was supervised by Rich
11 Ward. Ward had told Plaintiff that he was next in line to be promoted to another position, one with
12 a larger opportunity of being hired as a permanent employee with Defendant. Serafini echoed this
13 advice when he first became Plaintiff's supervisor, until Plaintiff spoke with the EEO representative
14 in April 2003. In December 2003, Plaintiff was called into the office of Perry Crowley, Park
15 Manager, for a talk with Crowley and Serafini. Crowley advised Plaintiff at the time that another
16 STEP employee, with only six months of experience, was going to be promoted rather than Plaintiff.
17 Crowley specifically stated to Plaintiff that Plaintiff would be fired if he complained about Gay's
18 promotion to the EEO. Serafini told Plaintiff in the course of the meeting that he would never get
19 promoted and would always be a STEP employee.
20     9.     In March 2004, Plaintiff filed a Formal Complaint of Discrimination with Defendant.
21 During the pendency of that matter, on or about November 19, 2004, Plaintiff was advised by Perry
22 Crowley that his employment was being terminated. Although the Defendant contended that the
23 termination of Plaintiff was for budgetary reasons, other employees at Plaintiff's level were not laid
24 off at that time.
25     10.    Plaintiff has filed a timely EEO complaint of employment discrimination and has
26 received a Final Agency Decision. Therefore, he has exhausted his administrative remedies with
27
28

-3-

COMPLAINT FOR DAMAGES
WITTREN V. GEREN, ET AL., U.S. DISTRICT COURT CASE NO.

1 | respect to his discrimination complaint.

2 | 11.    Defendant, and its agents and employees, engaged in a pattern and practice of discriminating and harassing Plaintiff on the basis of disability in violation of federal civil rights laws, by engaging in the course of conduct set forth above.

12.    As a direct and proximate result of defendant's actions, described above, Plaintiff has suffered damages, both special and general, in an amount to be proved at trial.

13.    In acting as alleged in this complaint, defendant by and through its agents and employees, acted knowingly, willfully and maliciously, and with reckless and callous disregard for plaintiff's federally protected rights.

14.    By reason of the conduct of the defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses incurred in bringing this action.

15.    Plaintiff hereby demands a jury for all claims for which a jury is permitted.

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

1. For compensatory damages, in an amount to be determined according to proof at trial;
2. For punitive damages, in an amount to be determined according to proof at trial;
3. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;
4. For costs of suit incurred in this action;
5. For jury trial; and
6. For such other and further relief as the Court deems proper.

Dated: April 28, 2008                          THE SAXON LEONARD LAW FIRM

By: _____
Beverly Saxon Leonard, Attorney for
Plaintiff Richard Wittren

-4-

COMPLAINT FOR DAMAGES
WITTREN V. GEREN, ET AL., U.S. DISTRICT COURT CASE NO.

*The Saxon Leonard Law Firm*
1001 Second Street, Suite 345
Napa, California 94559
Tel (707) 257-5378
Fax (707) 257-5399