JOSEPH P. RUSSONIELLO (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO (CSBN 217885)
Assistant United States Attorney

   450 Golden Gate Avenue, 9TH Floor
   San Francisco, California 94102-3495
   Telephone: (415) 436-7181
   Fax: (415) 436-6748
   Email: victoria.carradero@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD WITTREN, ) | Case No. C 08 - 2220 MEJ |
|    Plaintiff, ) | DEFENDANT'S ANSWER |
|    v. ) | |
| PETE GEREN, SECRETARY, ) DEPARTMENT OF THE ARMY, ) | |
|    Defendant. ) | |

DEFENDANT'S ANSWER - Case No. C 08 - 2220 MEJ

1    Defendant, PETE GEREN, SECRETARY, DEPARTMENT OF THE ARMY, by and
2 through his undersigned attorneys, hereby answers plaintiff's complaint ("Complaint") as
3 follows.
4    1.    Answering paragraph 1 of the Complaint, Defendant is without knowledge or
5 information sufficient to form a belief as to the truth of the allegations, and on that basis, denies
6 the allegations of paragraph 1 of the Complaint.
7    2.    Answering paragraph 2 of the Complaint, Defendant admits that the United States
8 Army Corps of Engineers, San Francisco District, Lake Sonoma facility/project is located in
9 Geyserville, Sonoma County, California. Defendant further admits that the alleged acts plaintiff
10 complains of are said by him in his Complaint to have occurred at this location. Except as so
11 expressly admitted, Defendant denies each and every allegation of paragraph 2 of the Complaint.
12    3.    Answering paragraph 3 of the Complaint, Defendant neither admits nor denies the
13 legal and jurisdictional allegations in paragraph 3 of the Complaint because it constitutes the
14 legal basis for the Complaint and/or a legal conclusion as to which no answer is required. To the
15 extent an answer is required, it is admitted that Plaintiff seeks to bring alleged disability
16 discrimination claims under the Rehabilitation Act and Title VII and it is denied that jurisdiction
17 is appropriate to the extent plaintiff has failed to meet jurisdictional requirements or pre-
18 requisites to suit. Except as so expressly admitted, Defendant denies each and every allegation of
19 paragraph 3 of the Complaint.
20    4.    Answering paragraph 4 of the Complaint, Defendant admits, upon information
21 and belief, that plaintiff is a male over the age of 40. Defendant further admits that plaintiff
22 claims physical and mental disabilities and also admits, based on the Complaint filed in this
23 action, that plaintiff claims his alleged impairments substantially limit one or more major life
24 activities. Defendant is without knowledge or information sufficient to form a belief as to the
25 truth of the allegations regarding plaintiff's claim that he has a "record of physical and mental
26 impairments that substantially limits one or more of Plaintiff's major life activities," and on that
27 basis, denies the allegations of paragraph 4 of the Complaint. Defendant denies that it
28 discriminated against plaintiff. Because plaintiff's membership in any "protected group" is a

DEFENDANT'S ANSWER - Case No. C 08 - 2220 MEJ

question of law at issue in this Complaint, no further answer is required.  Except as so expressly admitted, Defendant denies each and every allegation of paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, Defendant denies that Plaintiff first began working for Defendant in December 2000.  Defendant admits that at some point in December 2000, Plaintiff was working as a Laborer assigned to the United States Army Corps of Engineers, San Francisco District, Lake Sonoma facility/project under the Student Temporary Employment Program ("STEP").  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's alleged disabilities at the time of his hire and throughout his employment, and on that basis, denies the allegations of paragraph 5 of the Complaint.  Except as so expressly admitted, Defendant denies each and every allegation of paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, Defendant denies the allegations in paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, Defendant admits that in April or May, 2003, an EEO representative came to conduct training at the Lake Sonoma facility/project.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff contacting the EEO representative following the presentation.  Except as so expressly admitted, Defendant denies each and every allegation of paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, Defendant admits that Plaintiff was supervised by Richard Ward prior to being supervised by David Serafini.  Defendant also admits that on or about December 17, 2003 Park Manager Perry Crowley and Maintenance Leader David Serafini met with Plaintiff.  Defendant further admits that during this meeting, Plaintiff was told another employee was recommended for the SCEP position.  Defendant also admits that during this meeting, Peter Crowley informed Plaintiff that he was not eligible for the SCEP position.  Except as so expressly admitted, Defendant denies each and every allegation of paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, Defendant admits that the Formal

DEFENDANT'S ANSWER - Case No.  C 08 - 2220 MEJ

2

1  Complaint of Discrimination bears a signed date of March 11, 2004 and a received date of March
2  16, 2004.  Defendant further admits that Perry Crowley issued a Notice of Separation dated
3  November 16, 2004.  These documents speak for themselves.  Except as so expressly admitted,
4  Defendant denies each and every allegation of paragraph 9 of the Complaint.

5       10.    Answering paragraph 10 of the Complaint, Defendant admits that the Formal
6  Complaint of Discrimination bears a signed date of March 11, 2004 and a received date of March
7  16, 2004.  Defendant further admits that it transmitted to Plaintiff by certified mail its final action
8  on June 20, 2007.  The date of the filing of the Complaint with this court appears on the face of
9  the Complaint and speaks for itself, requiring no further answer.  Except as so expressly
10 admitted, Defendant denies each and every allegation of paragraph 10 of the Complaint.

11      11.    Answering paragraph 11 of the Complaint, Defendant denies each and every
12 allegation of paragraph 11 of the Complaint.

13      12.    Answering paragraph 12 of the Complaint, Defendant denies each and every
14 allegation of paragraph 12 of the Complaint.

15      13.    Answering paragraph 13 of the Complaint, Defendant denies each and every
16 allegation of paragraph 13 of the Complaint.

17      14.    Answering paragraph 14 of the Complaint, Defendant denies each and every
18 allegation of paragraph 14 of the Complaint.

19      15.    Answering paragraph 15 of the Complaint, Defendant neither admits nor denies
20 the request for jury trial allegation in paragraph 15 of the Complaint because it constitutes an
21 allegation for which no answer is required.   To the extent an answer is required, Defendant
22 admits plaintiff demands a jury trial.

23      The paragraph beginning with "WHEREFORE" contains plaintiff's Prayer for Relief, to
24 which no answer is required.  To the extent an answer is required, Defendant denies that plaintiff
25 is entitled to any relief and further denies all allegations contained in the prayer for relief.

26                    **AFFIRMATIVE DEFENSES**
27                    **FIRST AFFIRMATIVE DEFENSE**
28      This Court is without subject matter jurisdiction over plaintiff's claims to the extent

DEFENDANT'S ANSWER - Case No.  C 08 - 2220 MEJ
3

plaintiff has failed to satisfy jurisdictional requirements or prerequisites to suit.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint and each claim asserted therein fail to state a cause of action upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff cannot establish a prima facie case of discrimination.

**FOURTH AFFIRMATIVE DEFENSE**

All actions being challenged by plaintiff were taken for legitimate, non-discriminatory and non-pretextual reasons.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exercise reasonable care and diligence to mitigate his alleged damages, if any, and any recovery or award should be reduced accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff may recover only those damages allowed under the law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, may be barred by the doctrine of unclean hands, laches, waiver and estoppel, accord and satisfaction.

**EIGHTH AFFIRMATIVE DEFENSE**

Even if plaintiff could establish liability (which defendant denies), defendant cannot be held liable because defendant exercised reasonable care to prevent and correct promptly any discriminatory and/or harassing conduct, and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant, or to otherwise avoid harm.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not disabled within the meaning of the Rehabilitation Act, a qualified individual with a disability or otherwise qualified, and/or substantially limited in a major life activity.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims should be dismissed to the extent he failed to exhaust his administrative

remedies, prerequisites to suit, conditions to suit, and jurisdictional requirements.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant was fully justified, and exercised reasonable care, prudence, skill and business judgment with respect to plaintiff, and that any decisions made with respect to plaintiff were made without regard to plaintiff's alleged disability.

### TWELFTH AFFIRMATIVE DEFENSE

No conduct by or attributable to defendant was the cause in fact or legal cause of the damages, if any, suffered by plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims cannot be litigated to the extent they are beyond the scope of Plaintiff's administrative charge, were not subject to administrative investigatory or conciliation processes, and/or were not included in any determination by the appropriate administrative agency or board.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because plaintiff ratified and/or consented to any conduct attributable to Defendant and, in fact, participated in the conduct of which he now complains.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he engaged in any fraud or misconduct that, if known, would have caused plaintiff to not be hired or caused plaintiff to be terminated.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Each of plaintiff's claims set forth in the Complaint is barred because Defendant had good cause for its conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff has waived and/or is equitably estopped from asserting the claims alleged in his Complaint to the extent plaintiff has, by his own conduct, intentionally induced, caused, and/or contributed to the alleged conduct of which plaintiff now complains.

DEFENDANT'S ANSWER - Case No.  C 08 - 2220 MEJ

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a set-off against any award of damages to plaintiff in this action of any outstanding debt or obligation of plaintiff to the United States or any federal agency, and of any payments, workers' compensation, unemployment, and/or benefits that plaintiff receives or has received for injuries or damages alleged in the Complaint.

Defendant has insufficient knowledge or information on which to form a belief as to whether Defendant has any additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates it would be appropriate.

WHEREFORE, Defendant requests that the Court enter judgment in favor of Defendant, that the Complaint be dismissed, and that the Defendant is granted such other and further relief as the Court may deem just and proper, including recovery of all costs of suit and appropriate fees.

DATED: August 13, 2008                                Respectfully submitted,

                                                      JOSEPH P. RUSSONIELLO
                                                      United States Attorney


                                                      _____/s/_____
                                                      VICTORIA R. CARRADERO
                                                      Assistant United States Attorney