1  BEVERLY SAXON LEONARD (153105)
   The Saxon Leonard Law Firm
2
     1001 Second Street, Suite 345
3    Napa, CA 94559
     Telephone: (707) 257-5378
4    Fax: (707) 257-5399
     Email: bsleaonard@aol.com
5
   JOSEPH P. RUSSONIELLO (CSBN 118321)
6  United States Attorney
   JOANN M. SWANSON (CSBN 88143)
7  Chief, Civil Division
   VICTORIA R. CARRADERO (CSBN 217885)
8  Assistant United States Attorney

9    450 Golden Gate Avenue, 9TH Floor
     San Francisco, California 94102-3495
10   Telephone: (415) 436-7181
     Fax: (415) 436-6748
11   Email: victoria.carradero@usdoj.gov

12 Attorneys for Defendant

13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| RICHARD WITTREN, | ) | Case No.  C 08 - 2220 MEJ |
| | ) | |
| Plaintiff, | ) | JOINT CMC STATEMENT |
| | ) | |
| v. | ) | Date: September 4, 2008 |
| | ) | Time: 10:00 a.m. |
| PETE GEREN, SECRETARY, | ) | Dept: Courtroom B, 15th Floor |
| DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT CMC STATEMENT - Case No.  C 08 - 2220 MEJ

     The parties, by and through their undersigned attorneys, hereby submit the following Joint Case Management Conference Statement pursuant to Rule 16-9 of the Civil Local Rules for the Northern District of California.

1. <u>Jurisdiction and Service</u>: This case involves a claim of alleged disability discrimination pursuant to Title VII and the Rehabilitation Act. Jurisdiction is conferred upon the court pursuant to 28 U.S.C. Sections 1331 and 1343.

2. <u>Facts</u>: Plaintiff began working as a Student Temporary Employment Program ("STEP") employee for Defendant in December 2000. He was appointed for a period not to exceed one year and was extended annually until December 2004. Plaintiff alleges he was discriminated against on the basis of his alleged physical disability in the assignment of his work duties, because he was not promoted from a STEP worker to a Student Career Employment Position ("SCEP") worker, and because his term appointment was not renewed in December 2004. Defendant denies Plaintiff's claims.

3. <u>Legal Issues</u>: Whether Defendant discriminated against Plaintiff on the basis of his alleged physical disability.

4. <u>Motions</u>: There are no pending motions. Defendant anticipates filing discovery and dispositive motions as needed. Plaintiff anticipates filing discovery motions as needed.

5. <u>Amendment of Pleadings</u>: None at this time.

6. <u>Evidence Preservation</u>: The parties have taken affirmative steps to preserve relevant documents and/or evidence related to this case.

7. <u>Disclosures</u>: The parties will serve initial disclosures pursuant to Fed. R. Civ. P. 26 by September 18, 2008.

8. <u>Discovery</u>: No discovery has taken place. Both parties intend to serve written discovery and conduct depositions. Defendant has begun the meet and confer process with Plaintiff regarding dates for his deposition, which the parties are discussing take place in December. The parties are amenable to reasonable limits on discovery. The parties agree that each party may propound no more than 25 document requests, 25 special interrogatories, and 25 requests for admissions to the opposing party.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiff seeks monetary relief and reasonable attorney's fees according to proof. Defendant denies that Plaintiff is entitled to any relief.

12. <u>Settlement and ADR</u>: The parties agree to participate in mediation or a settlement conference after some discovery. The parties would like to try to agree to a specific mediator or a settlement judge through the Court's ADR program. The parties believe that ADR can be completed by April 30, 2009.

13. <u>Consent to Magistrate Judge for All Purposes</u>: The parties previously consented to a magistrate judge for all purposes.

14. <u>Other References</u>: The parties agree this case is not appropriate for binding arbitration, a special master, or reference to the MDL panel.

15. <u>Narrowing of Issues</u>: None anticipated at this time.

16. <u>Expedited Schedule</u>: An expedited schedule is not appropriate at this time.

17. <u>Scheduling</u>: The parties propose the following discovery and trial dates:

    Fact Discovery Cutoff: August 10, 2009

    Expert Disclosure: August 18, 2009

    Rebuttal/Supplemental Disclosure: September 18, 2009

    Expert Discovery Cut off: November 2, 2009

    Last Day to Hear Dispositive Motions: October 8, 2009

    Pre-trial conference: November 20, 2009

    Trial:   December 7, 2009

18. <u>Trial</u>: Defendant estimates that a trial of this case will take about 5 court days. Plaintiff estimates that trial will take between 5-7 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: None.

JOINT CMC STATEMENT - Case No.  C 08 - 2220 MEJ

2

1  20. <u>Other Matters</u>: None.

Respectfully Submitted,

Dated: August 28, 2008                     BEVERLY SAXON LEONARD


___/s/_____
Attorney for Plaintiff


Dated: August 28, 2008                     JOSEPH P. RUSSONIELLO
United States Attorney


___/s/_____
VICTORIA R. CARRADERO
Assistant United States Attorney
Attorneys for Defendant

JOINT CMC STATEMENT - Case No.  C 08 - 2220 MEJ

3